# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 08-162

**CLECO POWER, LLC**

**VERSUS**

**BEAUREGARD ELECTRIC COOPERATIVE, INC., ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 70,079
HONORABLE LESTER P. KEES, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

**John Owen Shirley, Sr.**
**Kyle Christian Marionneaux**
**Phelps Dunbar, LLP**
**445 N. Blvd., Suite 701**
**Baton Rouge, LA 70802-5707**
**(225) 376-0274**
**Counsel for Plaintiff/Appellant:**
**Cleco Power, LLC**


**John Malone Sharp**
**John Michael Lamers**
**Sharp Dobley, LLC**
**3888 S. Sherwood Forrest Blvd.**
**Bldg. III, Ste. J**
**Baton Rouge, LA 70816**
**(225) 291-9919**
**Counsel for Defendant/Appellee:**
**Beauregard Electric Cooperative,Inc.**

**SAUNDERS, Judge.**

This case involves a dispute between two electric public utilities and an electricity consumer regarding the proper designation of a provider of electricity to a contiguous piece of property that overlaps the boundary demarcating the service areas of two electricity franchise holders. For the following reasons, we affirm the decision of the trial court in full.

**FACTS:**

MRM Partnership (hereinafter "MRM") is the owner of a large parcel of property in Vernon Parish, Louisiana, that straddles the corporate limits of the City of Leesville (hereinafter "Leesville") and the Town of New Llano (hereinafter "New Llano"). Cleco Power LLC (hereinafter "Cleco") enjoyed the sole franchise to supply and sell electricity for light, heat, power, and other purposes to Leesville and its inhabitants, while Beauregard Electric Cooperative, Inc. (hereinafter "BECI"), held the sole franchise to provide the same to New Llano and its inhabitants.

During 2001, MRM began planning for the construction of a shopping mall on the property in question. Upon learning of the respective franchises held by Cleco and BECI, MRM chose to locate the meters and transformers for the shopping mall on a portion of the property located in New Llano, thereby designating BECI as its electricity provider. The structures actually built on MRM's property at the time of this suit were located entirely in Leesville.

**PROCEDURAL HISTORY:**

Cleco filed suit, pursuant to La.R.S. 42:76(1), against MRM and BECI on January 2, 2003, alleging that BECI had usurped, intruded into, and unlawfully infringed upon Cleco's Leesville franchise. Accordingly, Cleco sought a declaratory judgment, pursuant to La.Code Civ.P. art. 1871 and La.Code Civ.P. art. 1872, and a

permanent injunction, pursuant to La.R.S. 42:77. Cleco also sought damages from BECI, pursuant to La.R.S. 42:82, for unlawful usurpation.

After completion of discovery and agreement to the pertinent facts by all parties, both Cleco and BECI filed motions for summary judgment. On October 18, 2006, the trial court conducted a hearing on both motions and rendered a judgment granting BECI's summary judgment motion and denying that of Cleco. Cleco now appeals that ruling, asserting two assignments of error.

**ASSIGNMENTS OF ERROR:**

1. Was the trial court correct in ruling that an electricity consumer's constitutional property rights override the police power of a municipality to ensure an adequate, dependable supply of electricity for its inhabitants?

2. Was the trial court correct in finding a material distinction between the present matter and *Town of Coushatta v. Valley Electric Membership Corp.*, 139 So.2d 822 (La.App. 2 Cir. 1961)?

**STANDARD OF REVIEW:**

In *Champagne v. Ward*, 03-3211 (La. 1/19/05), 893 So.2d 773, the supreme court outlined the standard of review appropriate for summary judgment. There, the court explained:

> Appellate courts review grants of summary judgment *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, *i.e.*, whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Ocean Energy, Inc. v. Plaquemines Parish Gov't*, 04-066 (La.7/6/04), 880 So.2d 1 . . . This court has recognized that a "genuine issue" is a "triable issue," an issue in which reasonable persons could disagree. *Jones v. Estate of Santiago*, 03-1424 (La.4.14.04), 870 So.2d 1002, 1006 (citing *Smith v. Our Lady of the Lake Hosp.*, 93-2512 (La.7/5/94), 639 So.2d 730, 751). Further, this court has defined a "material fact" to be one in which "its existence or nonexistence may be essential to plaintiff's cause of action under the

applicable theory of recovery." *Id.*

*Id.* at 776-777. Thus, if we are to uphold the ruling of the trial court, we must find that the record compels a judgment in favor of BECI as a matter of law.

**ASSIGNMENT OF ERROR #1:**

In its first assignment of error, Cleco argues that the trial court erred in ruling that an electricity consumer's constitutional property rights override the police power of a municipality to ensure an adequate, dependable supply of electricity for its inhabitants. We find that Cleco's framing of its assignment of error in this way is a drastic misstatement of the trial court's ruling, and as such we disagree.

Louisiana Constitution Article 1, § 4 states: "Every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. The right is subject to reasonable statutory restrictions and the reasonable exercise of police power."

Cleco contends that the trial court proclaimed Leesville's police power to be subordinate in the case at bar to MRM's individual property rights, yet that is not the gravamen of the trial court's ruling at all. Rather than a contest between MRM's property rights and Leesville's police power, the case at bar represents a competition between two municipalities—Leesville and New Llano—which both have equally colorable arguments for the reasonable application of their police power to the property in question. In ruling that MRM had the constitutional right, as the owner of property straddling the corporate limits of both municipalities, to choose from the electric service providers associated with these municipalities via the placement of its electric meters, the trial court merely held that where property is subject to the equally valid, equally reasonable exercise of police power from two competing

3

entities, the constitutional grant of reasonable police power cannot be used to justify the extension of dominion to one municipality and not the other. We agree. Within this context, the trial court's ruling actually does nothing to discredit the power of a municipality to ensure an adequate, dependable supply of electricity to its inhabitants. Where one piece of property is subject to the police power of two municipalities, the constitutional right as owner of that property to use and enjoy it however one sees fit must prevail. Thus, we find this assignment of error to be without merit.

**ASSIGNMENT OF ERROR #2:**

In its second assignment of error, Cleco argues that the trial court erred in finding a material distinction between the instant case and *Coushatta*, 139 So.2d 822. We disagree.

In *Coushatta*, the second circuit was asked to evaluate whether a lower court erred in granting an injunction prohibiting a non-franchise holding electric service provider from constructing transmission lines and extending its electrical service within the corporate limits of the Town of Coushatta. In holding that the trial court ruled correctly, the *Coushatta* court proclaimed:

> The municipality, of course, has the authority to grant other franchises if it deems such action would benefit the public. The town, however, has not seen fit, in the public interest and in the exercise of a discretion vested in it alone, to grant other franchises.
> Therefore, the conclusion is inescapable that the defendant has no right or authority, without a franchise, to enter into and transmit and sell electricity to the inhabitants of the municipality.

*Id.* at 828. The court went on to reason: "Nor do we think the defendant can successfully circumvent the law and, by such action, acquire the right of a franchise holder by merely moving its meter beyond the corporate limits and continuing to serve electricity within the corporate limits of the town." *Id.* at 829.

4

Cleco contends that the facts of the instant case present no material difference from *Coushatta*, yet in reality the question presented here is vastly different from that posed by *Coushatta*. In *Coushatta*, the dispositive issue was whether or not property that had been annexed into the Town of Coushatta was subject to the electricity franchise which that town had brokered to one electricity provider or, in the alternative, to the franchise that Red River Parish had granted to another electricity provider. In ruling that the property under dispute was properly considered to be located within the Town of Coushatta, the second circuit settled that case by benefit of a circumstance that is absent in this case—namely, the property's existence inside one of two mutually exclusive service areas. Here, by contrast, the property at issue is a single, contiguous tract of land that overlaps the service areas of two competing providers. Furthermore, notwithstanding the irrelevance of *Coushatta*'s holding to the facts at issue here, whatever persuasive effect that case may have otherwise had was negated when the second circuit vacated its opinion and replaced it with a terse, three-paragraph judgment upon rehearing: "For the reasons stated the judgment appealed from and our previous judgment is hereby set aside and same is now recast to read as follows . . . ." *Id.* at 831. As such, *Coushatta* is all but inapplicable to the *res nova* question we must now consider: at what point does the transaction between an electricity provider and a consumer take place? If it is at the point of connection to a meter, then BECI is the proper provider of MRM's electricity. If it is at the point of electricity consumption, then Cleco is the proper provider, and we must find this assignment of error to be meritorious.

BECI contends that the provider/consumer transaction takes place at the point of connection to a meter. We agree. Where, as here, property overlaps more than one

5

invisible boundary designating the service areas of competing electricity franchise owners, the inappropriateness of compelling property owners to obtain electrical services from both providers dictates that only one of these providers must prevail. Cleco cites several authorities from a wide range of jurisdictions for the proposition that the point of electric consumption or use, and not the point of connection to a meter, should determine which electricity provider provides service. While that may be the case in the jurisdictions subject to those courts' authority, Cleco does not cite nor are we aware of any controlling statute or regulatory authority mandating such a rule in Louisiana. Cleco makes a vigorous argument that the industry and the public would be better served with a point of consumption rather than a point of connection rule and invites the court to confect such a rule. We decline this invitation, noting that our civilian principles require that we defer to the Legislature and/or the proper regulatory authority the very precise decision presently before us. Until one of these bodies acts to the contrary, the general property law of the state must be controlling. As such, we find this assignment of error to be without merit.

**CONCLUSION:**

For the reasons discussed above, we affirm the decision of the trial court in full. Costs are to be taxed to Cleco.

**AFFIRMED.**